681 KRITZER MILLING CO. vs. CIRCUIT JUDGE (Newaygo),
No. 15844.

To set aside a judgment taken on default, because (1) the return set forth that the declaration was served upon "Chas. C. Kritzer, as president;" (2) there is a material variance between the note upon which the judgment was entered and the copy appended to the declaration, in that the former reads "on demand, after date," and the latter "on demand, after due;" (3) there was no evidence offered showing that plaintiff was a corporation, or that defendant was a corporation; (4) the note was signed "Kritzer Milling Co. By Chas. C. Kritzer, president," and there was no evidence offered tending to show that Kritzer was authorized to sign the note.

Denied December 21, 1896, with costs.

The answer denied the statements as to the absence of evidence upon the last two points.

Respondent insisted that as to them the answer was conclusive; that one term had intervened after judgment and before the motion was made; that error and not mandamus is relator's remedy; that, as to the return, the case is governed by Grand Rapids Chair Co. vs. Runnels, 77 M., 104; that a default for not pleading admits plaintiff's demand, 1 Green's Pr., 194-458; Granger vs. Superior Court Judge, 44 M., 384 (715); Howe vs. Maltz, 35 M., 499; 5 Am. & Eng. Enc. of Law, 491-644; and that mandamus will not lie to interfere with the exercise of discretion unless there is a palpable abuse, Dibble vs. Rogers, 2 M., 404; Railway Co. vs. Circuit Judge, 89 M., 551 (900); Aetna L. S. & T. Co. vs. Circuit Judge, 20 M., 220 (862); Shimer vs. Circuit Judge, 17 M., 67 (860).